IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
ROBERT D. CRAWFORD          :          3:11 CV 1371 (JBA)
:
V.                          :
:
CITY OF NEW LONDON ET AL.   :          DATE: MAY 1, 2014
:
---------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION TO OBTAIN VIDEO ENHANCEMENT

The factual and procedural history behind this litigation has been set forth in considerable detail in the Ruling on Motion for Summary Judgment, filed January 16, 2014, by U.S. District Judge Janet Bond Arterton (Dkt. #58), 2014 WL 202369, with respect to plaintiff's arrest by defendants on February 4, 2010 at the New London High School ["NLHS"] after a basketball game there.  Jury selection is scheduled for May 13, 2014, and the jury trial is to commence on May 27, 2014.  (Dkt. #65).

Central to Judge Arterton's ruling were two videotapes – one by a spectator, Roberto Crespo, taken in the NLHS gymnasium ["gym video"], and the second by a security camera in the NLHS lobby outside the school gymnasium ["lobby video"].  Id. at *2-3, 5-6, 9.

As explained by Crespo in his affidavit in support of defendants' Motion for Summary Judgment, filed October 9, 2013 (Dkt. #48, Exh. E ["Crespo Aff't"]; see also Dkt. #50, Exh. E), he filmed the incident during the basketball game on his camcorder, and an accurate copy on a DVD was attached.  (¶ 4).  Crespo's affidavit also explains the reason for a "break" in the filming (id., ¶10; see also Affidavit of Eric Ryan Murphy, Dkt. #48, Exh. F, ¶¶ 4, 6-8; seel also Dkt. #50, Exh. F, ¶¶ 4, 6-8), and he avers that he gave the videotape to defendant New London Police Department ["NLPD"] Officer Cornelius Rodgers, "who took custody of the videotape." (Crespo Aff't, ¶ 12; see also Affidavit of Lawrence Keating, Dkt. #48, Exh.

H, ¶ 5; Affidavit of Cornelius Rodgers, Dkt. #48, Exh. J, ¶ 11). Defendant Rodgers acknowledges in his affidavit that he "took custody of the videotape[]" and later that evening, placed it in the NLPD's "evidence locker." (Dkt. #48, Exh. J, ¶¶ 11, 15). Defendant Rodgers avers that the next day, NLPD Detective Keith Crandall took the videotape (believed to be an 8mm tape) and "transcribed the tape onto a DVD," and then the DVD was provided to defendant Rodgers. (Id., ¶ 15).

In the pending motion, plaintiff seeks access to the original of the lobby video, the quality of which is not the best, in that according to his expert, the copy provided to plaintiff by defendants was saved in a format called "CoDec" (for compression/decompression), used commonly on home computers to play movies and videos, but is "one of the least compatible for obtaining video enhancement[,]" and requests a transfer of the video from the DVR itself. (Dkt. #69, at 1-2, ¶¶ 3-5). The expert was able to provide some enhancement, increasing the size of the video and brightening the scene. (Id. at 2, ¶ 6). Plaintiff's expert believes that he could perform this enhancement within one week of receiving the source material. (Id. at 3, ¶ 11).[1]

Defendants object on several grounds, including that the "enhanced image . . . if anything, was worse than the original version[,]" and that plaintiff's timing is "improper[,]" as the parties are literally "on the eve of trial[]" and plaintiff has been in the possession of the video for at least one year. (Dkt. #73, at 2-3).

A telephonic conference was held regarding this motion today (Dkt. #74), during which plaintiff expressed an interest in enhancing the gym video also. Defense counsel indicated that the history behind the gym video was detailed in Crespo's affidavit (described

---

[1] Plaintiff originally requested that defendants share the expenses (id., at 4, ¶3), but is now willing to bear the expenses on his own.

2

above), and the history behind the lobby video was detailed in an affidavit from Dean Fournier, also filed in support of defendants' Motion for Summary Judgment. The Magistrate Judge, however, was unable to find this Fournier affidavit among the fourteen affidavits filed with defendants' brief, nor was the lobby video addressed in any of these affidavits. (See Dkt. #48, Exhs. B-C, E-P). Defense counsel represented that the lobby video was taken by a security camera mounted in the NLHS lobby, and that the original video, if it still exists, remains in the possession of the New London Board of Education ["NLBOE"], over which defendants have no control.

During the telephonic conference, plaintiff described defendants as having provided "corrupted" or "tampered" copies of the videos. Defense counsel explained, however, that the NLPD does not have the original videos, but merely digital copies on their computers, copies of which were "burned" on CD's for plaintiff's counsel long ago. Defense counsel made the appropriate analogy that having digital copies is like reformatting a Word document into PDF – the content remains the same, and it is only the formatting that has been altered. (And, as plaintiff's own expert observed, CoDec formatting is what is used to view movies and videos on home computers.) As to the timing issue, plaintiff's counsel indicated that he was not aware of this formatting issue until he recently retained his expert.

According to the affidavits of Crespo, Murphy, defendant Rogers and defendant Keating, the NLPD was in possession of the original videotape from Crespo's camcorder. Therefore, to the extent that plaintiff's counsel wishes to have access to the original, as opposed to a digital version, of the gym video, he shall so notify defense counsel, in writing, **on or before 1:00 p.m. on May 2, 2014**; in the event plaintiff wishes to have access to the original of the gym video, then defense counsel shall have his clients attempt to locate

same **on or before May 6, 2014**.  If plaintiff requests the original videotape, and if defendants are unable to locate it after reasonable efforts, they shall so notify plaintiff in writing.

As to the lobby video, for which there is no indication in the record whether the original was ever turned over to the NLPD, defense counsel shall have his clients attempt to locate same **on or before May 5, 2014,** and also to speak, at least once, with an appropriate representative of the NLBOE to determine whether the NLBOE has still retained the original of the videotape, more than four years after the incident in question.  Similarly, if the NLBOE does not have the original videotape, and if defendants are unable to locate it after reasonable efforts, they shall so notify plaintiff in writing.

Accordingly, plaintiff's Motion to Obtain Video Enhancement (Dkt. #69) is granted to the limited extent set forth above.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 1st day of May, 2014.

      /s/ Joan G. Margolis, USMJ
    Joan Glazer Margolis
United States Magistrate Judge