UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT D. CRAWFORD,<br>        *Plaintiff*,<br>      *v.*<br>CITY OF NEW LONDON, *et al.*,<br>        *Defendants*. | Civil No. 3:11cv1371 (JBA)<br><br><br><br>May 23, 2014 |

**RULING ON PLAINTIFF'S MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE**

The background of this case is set forth in the Court's previous ruling denying in part Defendants' motion for summary judgment.  (*See* Summ. J. Ruling [Doc. # 58].) Pending before the Court is Plaintiff's motion [Doc. # 84] for spoliation sanctions—including an adverse-inference instruction and monetary sanctions[1]—against Defendants for their alleged failure to preserve the hard drive containing the original surveillance footage of Plaintiff's arrest.  Defendants counter that Plaintiff cannot establish that they failed to preserve relevant evidence and request that Plaintiff be ordered to pay their costs for responding to his untimely and unmeritorious motion.  For the following reasons, Plaintiff's motion for spoliation sanctions is denied, and Defendants' request for their attorney's fees associated with opposing this motion is also denied.

**I.      Legal Standard**

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  *West v. Goodyear Tire & Rubber, Co.*, 167 F.3d 776, 779 (2d Cir. 1999).  A

---

[1] In his motion, Plaintiff also sought a court order mandating that Defendants pay for the arrest video to be professionally enhanced.  (Spoliation Mot. [Doc. # 84] at 7.) However, at the pre-trial conference on May 19, 2014, counsel for Plaintiff withdrew the request for that sanction.

court may impose sanctions on a spoliating party based on its "inherent power to control the judicial process and litigation, but [that] power is limited to that necessary to redress conduct which abuses the judicial process." *Passlogix, Inc. v. 2FA Tech., LLC,* 708 F. Supp. 2d 378, 409 (S.D.N.Y. 2010) (internal quotation marks omitted) (quoting *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,* 685 F. Supp. 2d 456, 465 (S.D.N.Y. 2010) *abrogated on other grounds by Chin v. Port Auth. of N.Y. & N.J.,* 685 F.3d 135 (2d Cir. 2012)).  "'The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis.'"  *Zubulake v. UBS Warburg, LLC,* 229 F.R.D. 422, 430 (S.D.N.Y. 2004) (quoting *Fujitsu v. Federal Express Corp.,* 247 F.3d 423, 436 (2d Cir. 2001)); *see also Harkabi v. SanDisk Corp.,* 275 F.R.D. 414, 418 (S.D.N.Y. 2010).

"A party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."  *Chin*, 685 F.3d at 162 (internal citations, quotation marks, and alterations omitted).  If these elements are established, a district court may, at its discretion, give an adverse inference jury instruction insofar as such a sanction would "serve the threefold purpose of (1) deterring parties from destroying evidence; (2) placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restoring the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation."  *Id.* (internal citations, quotation marks, and alterations omitted).

## II.     Discussion

Plaintiff claims he is entitled to an adverse inference instruction[2] and an award of monetary sanctions because Defendants destroyed the original recording of the lobby security footage depicting the circumstances of his February 4, 2010 arrest.  Defendants argue that Plaintiff has failed to establish any of the elements of his spoliation claim because they did not destroy or materially alter the video evidence, they had no duty to preserve the original footage at the time it was recorded over, the recording over of the footage was not negligent, and there is no evidence to support the contention that the original footage was unfavorable to Defendants.

### A.     Destroy or Materially Alter

Defendants argue that there has been no destruction or material alteration of evidence in this case because although the original hard drive on which the New London High School gym lobby security footage was recorded has been recorded over, Defendants preserved a DVD copy of the video.  Defendants have submitted an affidavit from Timothy Wheeler, the Chief Information Officer of the New London Public Schools.  Mr. Wheeler avers that the standard procedure for preserving security footage is to make a copy of that footage on a DVD and to record over the original hard drive after the sixteen-day retention period has passed, and that this procedure was followed in this case.  (Wheeler Aff., Ex. A to Defs.' Supp. Opp'n [Doc. # 93] ¶¶ 6–8.)  Mr. Wheeler further avers that "there is no difference between the content and quality of the footage captured on the security camera hard drives and the same footage as extracted and burned onto a DVD."  (*Id.* ¶ 9.)  Thus, Defendants argue, they have in fact preserved an

---

[2] Plaintiff does not specify in his motion the language of the instruction he requests.

identical copy of the footage, which was not materially altered, and they were not under any burden to preserve multiple copies of the same evidence by retaining the original hard drive. *See R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 32 (S.D.N.Y. 2010) ("[W]e doubt whether plaintiff could learn or prove anything from examining multiple samples of the same item that it could not learn or prove from just one sample."); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) ("A party or anticipated party must retain all relevant documents (but not multiple identical copies) in existence at the time the duty to preserve attaches.").

Plaintiff's counsel clarified on the record at the parties' pre-trial conference that the "material alteration" that is the focus of this spoliation motion is the conversion of the video from one format to another, which Plaintiff claims has made enhancement of the footage for presentation at trial nearly impossible. Plaintiff argues that because the copy of the original recording was saved in a format that is very difficult to enhance, and because the original hard drive might have been recorded in a format more amenable to enhancement, he has lost the opportunity to present a clearer recording to the jury that could have corroborated his version of events. However, Plaintiff cites no authority for the proposition that a defendant has a duty to anticipate the format that would be most convenient for the plaintiff and to preserve evidence in that format, especially where the standard practice for preservation is to record a copy of the footage and re-use the original hard drive. Thus, it is doubtful that any evidence was "destroyed or materially altered" as those terms are typically understood in the context of a motion for spoliation sanctions.

###### B.    Duty to Preserve

Even if the Court were to conclude that the act of recording over the original hard drive after preserving a DVD copy could constitute spoliation, the spoliation occurred long before Defendants' duty to preserve evidence for potential litigation was triggered. Defendants' duty to preserve relevant information began at the time they could reasonably have anticipated that litigation could arise out of Plaintiff's arrest. *Pension Comm.*, 685 F. Supp. 2d at 461. Plaintiff argues that Defendants' duty to preserve the original hard drive was triggered when Plaintiff's counsel sent a FOIA request to the New London High School on June 24, 2010, seeking the preservation of "[a]ll audio, video, and other multimedia documents or files that were created, that in any[]way relate to this matter." (*See* Spoliation Mot. at 1–2.)[3] While, his letter would have put the recipient on notice that there was a potential for litigation arising out of Plaintiff's arrest, *see Doe v. Norwalk Community College*, 248 F.R.D. 372, 377 (D. Conn. 2007) (duty to preserve triggered when the plaintiff's counsel sent a demand letter to defendant indicating an intent to sue) (citing *Zubulake*, 220 F.R.D. at 217), it would have been received long after the expiration of the sixteen-day retention period for the original footage. Further, the FOIA request was sent to "the New London High School," and not to the New London Police Department or any of the individual defendants, but in any event, given Mr. Wheeler's description of the sixteen-day retention period for security camera hard drives (Wheeler Aff. ¶ 5), the original footage of Plaintiff's February 4, 2010 arrest would have been recorded over months before this request was received. Therefore, Plaintiff has

---

[3] Plaintiff has not submitted a copy of this letter with his motion, but the Court will accept Plaintiff counsel's representations as to the contents of the letter for the purposes of this motion.

failed to establish that Defendants had any duty to preserve the security camera footage in its original format at the time it was recorded over.

### C.      Culpable State of Mind

Plaintiff has further failed to establish that Defendants acted with a culpable state of mind in recording over the original footage.  "[T]he culpable state of mind factor is satisfied by a showing that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002) (internal citations, quotation marks, and alterations omitted).  "The sanction of an adverse inference may be appropriate in some cases involving the negligent destruction of evidence because each party should bear the risk of its own negligence." *Id.*  Plaintiff has offered no evidence to counter Defendants' assertion that neither the New London Police Department nor any of the individual defendants were ever in possession of the original footage or that the third-party responsible for retention of the footage preserved a copy of the video and recorded over the original hard drive in compliance with standard retention procedures, long before the threat of litigation became apparent.  Although Plaintiff's counsel represents that he believes that Defendants would have had possession of the original footage based on statements by the State's Attorney that he reviewed the video of Plaintiff's arrest in deciding how to proceed in the criminal case, he admitted at oral argument that the State's Attorney never specified whether the footage he had reviewed was the copied DVD or the original security camera hard drive.  Thus, there is no record support for the conclusion that Defendants acted negligently or in bad faith when the hard drive was recorded over at the end of the retention period.

D.      Relevance

Plaintiff has also failed to establish that the original footage would have been "relevant" as that term is used in the context of spoliation, meaning "something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence. . . . [T]he party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed or unavailable evidence would have been of the nature alleged by the party affected by its destruction." *Id.* at 108–09.  A finding of bad faith or gross negligence is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to the party that destroyed it.  *Id.* at 109.  If the destruction was merely negligent, however, the party seeking sanctions must prove that the missing evidence would support his claims. *Zubulake*, 220 F.R.D. at 221.  There is no evidence in the record beyond the fact of the destruction itself that would support an inference that the original recording was unfavorable to Defendants.  Indeed, there is a copy of the video in the record, which Mr. Wheeler avers is identical to the original footage.  (Wheeler Aff. ¶ 9.)  Plaintiff offers no evidence to contradict this sworn statement, and fails to identify the manner in which the DVD copy is inferior to the original footage, other than to argue that the footage would be easier to enhance if it were stored in a more compatible format.  Furthermore, in the video, the view of Plaintiff while he is on the floor is physically obstructed by some officers and an enhanced copy of the recording would not have removed this physical obstruction to viewing the critical events in this case.  Since it is likely that even the original recording would have been inconclusive with respect to showing the amount of force used during Plaintiff's arrest, there is no basis on which this Court could conclude

that the original video would have somehow depicted the circumstances of Plaintiff's arrest in a manner more corroborative of Plaintiff's version of events.

### E.      Imposition of Sanctions

Even if the Court had a basis for concluding that Plaintiff has established that the original copy of the video was negligently destroyed, the Second Circuit has recognized that "[a]lthough the sanction of an adverse inference *may be appropriate in some cases* involving the negligent destruction of evidence, a sanction is by no means mandatory." *Twitty v. Salius*, 455 F. App'x 97, 99 (2d Cir. 2012) (internal citations and quotation marks omitted) (emphasis in original).  In *Twitty*, the Second Circuit found that the district court did not abuse its discretion by refusing to give an adverse inference instruction to the jury where it found that the missing video had been accidentally destroyed by an individual other than the defendant, copies of the original footage were available, and counsel for the plaintiff was unable to establish that there was any material difference between the original and the copy.  *Id.* at 99–100.  Similarly, in this case, none of the individual defendants, and no one in the New London Police Department, had control over the original security footage or were involved in its destruction, a copy of the video exists for use at trial, and Plaintiff has failed to present any evidence that the copy is of a lesser quality than the original, other than to allege that it has been stored in a format that is inconvenient for enhancement.  For all these reasons, the Court concludes that spoliation sanctions are inappropriate in this case, and Plaintiff's motion for such sanctions is therefore denied.

### F.      Defendants' Attorney's Fees

In their opposition to the pending motion, Defendants requested that the Court award them the costs of opposing this motion, which they argue is untimely, frivolous,

and part of an improper pattern of surprise tactics by Plaintiff's counsel.  Defendants' counsel does not cite any legal authority for the imposition of such sanctions, and presumably seeks an award of such fees pursuant to the Court's inherent powers. "Imposition of sanctions under a court's inherent powers requires a specific finding that an attorney acted in bad faith.  Moreover, inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purpose." *Wolters Kluwer Fin. Sevs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (internal citations omitted).  "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue.  A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Id.* (internal citations omitted).  Although Plaintiff's motion was based on weak evidence at best, and the filing of the motion on the eve of trial is difficult to explain, especially in light of the fact that Plaintiff had been in possession of the copied arrest footage for nearly a year, the Court concludes that the high degree of specificity required for a finding of bad faith is not present in the record.  Therefore, the Court declines to award Defendants their attorney's fees in connection with their opposition to this motion. However, Plaintiff's counsel is admonished that last-minute filings lacking a clear demonstration of good cause for their delayed filing will likely be unsuccessful.

**III.     Conclusion**

For the foregoing reasons, Plaintiff's Motion [Doc. # 84] for Sanctions for Spoliation of Evidence is DENIED, and Defendant's request for their attorney's fees associated with their opposition to the motion is also DENIED.


IT IS SO ORDERED.

        /s/
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 23rd day of May, 2014.