UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ROBERT D. CRAWFORD,<br>          *Plaintiff*,<br>          *v.*<br>CITY OF NEW LONDON, *et al.*,<br>          *Defendants*. | Civil No. 3:11cv1371 (JBA)<br><br>August 8, 2014 |

**RULING ON POST-TRIAL MOTIONS**

On June 2, 2014, after a four-day trial, a jury returned a verdict finding Defendant Graham Mugovero liable under 42 U.S.C. § 1983 for the violation of Plaintiff Robert Crawford's Fourth Amendment right to be free from excessive force.  (Jury Verdict [Doc. # 115] at 1.)[1]  The jury found that Plaintiff was entitled to recover $15,000 in economic damages and $35,000 in non-economic damages, for a total award of $50,000 in compensatory damages, and found that Plaintiff was not entitled to punitive damages. (*Id.* at 2.)  Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Defendants now move [Doc. # 121] to set aside the jury's verdict with respect to economic damages, arguing that the amount awarded was not supported by the evidence presented at trial.[2] For the following reasons, the Court will construe Defendant's motion to set aside verdict as a motion for remittitur, and the jury's economic damages award will be remitted.

---

[1] Before this matter was submitted to the jury, Plaintiff withdrew his state-law claims against all defendants.  The jury returned a verdict of no liability with respect to the remaining defendants in this action.  (*See* Jury Verdict [Doc. # 115] at 1–2.)

[2] Pursuant to Rule 59, Plaintiff moves [Doc. # 122] to amend the judgment in this action to reflect that judgment is entered against the City of New London pursuant to Conn. Gen. Stat. § 7-465, which imposes liability on municipalities for all sums awarded against municipal employees for violating an individual's civil rights while acting within the scope of their employment.  Defendants have filed no opposition brief, and thus the motion is granted absent opposition.  Plaintiff also moves [Doc. # 123] for attorney's fees, but the Court will address that motion in a separate ruling.

I.      **Legal Standard**

A court may grant a motion made pursuant to Rule 59(e) "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metropolitan Transportation Authority*, 381 F.3d 99, 105 (2d Cir. 2004).   With respect to a challenge to a damages award, "[i]f a district court finds that a verdict is excessive, it may order a new trial, a new trial limited to damages, or, under the practice of remittitur, may condition a denial of a motion for a new trial on the plaintiff's accepting damages in a reduced amount." *Tingley Sys., Inc. v. Norse Sys., Inc.*, 49 F.3d 93, 96 (2d Cir. 1995).  Defendants style their motion as a "motion to set aside verdict."  However, "[i]t is not among the powers of the trial court, where the jury has awarded excessive damages, simply to reduce the damages without offering the prevailing party the option of a new trial."  *Id.*  Therefore, the Court will construe Defendant's motion as a motion for remittitur.

II.     **Discussion**

Defendants move to remit the jury's award of $15,000 in economic damages as excessive, arguing that Plaintiff failed to properly substantiate his damages claims at trial and that the jury's award must have been based on improper speculation with respect to the cost of Plaintiff's medical treatment.  "It is well-settled that the calculation of damages is the province of the jury." *Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 337 (2d Cir. 1993) (internal citations and quotation marks omitted).  However, the Second Circuit has recognized two cases in which remittitur may be appropriate:  (1) "where the court can identify an error that caused the jury to include in the verdict a quantifiable amount that should be stricken" and (2) "where the award is intrinsically excessive in the sense of being greater than the amount a reasonable jury could have awarded."  *Id.* (internal citations and quotation marks omitted).   "Where there is no

particular discernable error . . . a jury's damage award may not be set aside as excessive unless the award is so high as to shock the conscience and constitute a denial of justice." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 165 (2d Cir. 1998) (internal citations and quotation marks omitted).  "Where the court has identified a specific error, however, the court may set aside the resulting award even if the amount does not shock the conscience." *Id.* (internal citations and quotation marks omitted).  Here, Defendants do not claim that the overall award was so high as to shock the conscience.  Rather, they argue that there is a particularly discernable error in the jury's award, because Plaintiff's evidence at trial could not have supported an award greater than approximately $3,000.

Plaintiff's claim for economic damages is based on his medical expenses connected to the injuries he sustained as a result of Defendant Mugovero's use of excessive force against him.  At trial, Plaintiff offered the testimony of his treating physician Dr. Shifreen and his treating dentist Dr. Snayd with respect to their bills, but the billing records themselves were not offered into evidence.  At trial, when Plaintiff's counsel first questioned Dr. Snayd with respect to his bill, Dr. Snayd indicated that the claimed figure sounded too high:

> Q: And, Doctor, your bill for this case was $7,327?
> A: I don't believe it was $7,000.  It was probably—
> Q: Well, do you have your billing there?
> A: I think the charges incurred to date may have been about forty-three, forty-four hundred dollars.
> Q: Why don't you—maybe that refreshes your recollection, this billing listing all the billings from here on, that total.
> A: No, this would not be because this here indicates surgical placement of a dental implant, which has not yet been done.  This is probably a proposed treatment plan that you have here.  So the actual fees that were encountered to date I believe are closer to $4,500.
> Q: So would it be fair to say it's seven hundred—$7,327 minus $1,895?
> A: Yes sir.

3

(Snayd Tr. [Doc. # 120] at 95–96.)  Thus, at this point in Dr. Snayd's testimony, there was

sufficient evidence to support an economic damages award of $5,432.

However, on redirect examination, Dr. Snayd testified that there were additional

amounts included in his bill that represented routine treatment unrelated to Plaintiff's

injuries resulting from Defendant Mugovero's use of force against him:

> Q:   Doctor, to review your billing again, your testimony was that your billing is $7,327 minus $1,895.  Is there something else in there?  I mean, isn't all of that billing that's on this list related—or is it related to the event of—
> A:   Well, the prophylaxis or dental cleaning would not have been related to the dental event, I don't believe necessarily. . . .
> Q:   Okay.  And how much?
> A:   $43.[3]
> Q:   Okay.  Anything else?
> A:   Periodic oral exams, $33, may not have been directly related, it may have been more to the overall general care in bringing Mr. Crawford back.
> Q:   That was $33?
> A:   $33, that is correct.
> Q:   Okay.  And that's it?
> A:   Well, there's another periodic oral exam here on April 13th which may not have been directly related to the incident.
> Q:   And how much was that?
> A:   $33.
> Q:   Okay.
> A:   The $64, again in April 12, 2013, of $64, may not have been directly related to the incident. . . .
> Q:   —if you reviewed your billing again.  You took out four items having to do with periodontal treatment—or cleaning.  And you also took out the cost of the implant.  Is it fair to say the rest of these billings on these sheets is related to the incident?
> A:   I think with the exception of the periodic oral exams, and the radiographs that were taken, and perhaps the prophylaxis, the cleanings, those should be extracted, yes.

---

[3] In his briefing, Plaintiff indicates that this figure was actually $64.  (*See* Pl.'s Mem. Opp'n [Doc. # 126] at 7–8.)  However, Defendants assume that the $43 figure is correct in their calculations.

> Q:      So just to be clear.
> A:      Yes.
> Q:      We are taking out the $1,895 for the implant?
> A:      Yes, sir.
> Q:      And we're taking out for the cleaning, the $64?
> A:      Yes.
> Q:      $33, the $64.
> A:      Yes, this $33 here.
> Q:      And $33?
> A:      Yes, sir.
> Q:      So it would be $7,327  minus those items?
> A:      Yes.

(*Id.* at 102–05.)  Thus, Plaintiff argues that based on this further colloquy, the jury could have concluded that an additional $194 should have been subtracted from the bill, supporting an award of $5,238.

During recross-examination, Dr. Snayd identified additional charges for $929 and $1,082 respectively and indicated that he could not testify as to whether they were related to Plaintiff's injuries.  (*Id.* at 105–06.)  Thus, Defendants argue that, at most, Dr. Snayd's testimony supports an award of $3,248 in economic damages.  Plaintiff argues that the jury was free to disregard the testimony regarding these additional amounts.  The Court disagrees.  Because there was no testimony tying those charges to Plaintiff's injuries that were caused by Defendant Mugovero's use of excessive force, there was insufficient evidence for the jury to conclude that these damages were caused by Defendant Mugovero's actions, and thus those amounts could not have been properly included in an award of economic damages with respect to Plaintiff's injuries.  Therefore, the maximum award of economic damages related to treatment already received that was supported by Dr. Snayd's testimony was $3,248.  However, Dr. Snayd also testified at trial that he recommended a dental implant to treat Plaintiff's injuries, which would have cost "approximately $4,500 to $5,000." (*Id.* at 78.)  The jury could have properly included this

amount in their award of economic damages.  Thus the maximum economic damages award supported by Dr. Snayd's testimony was $8,248.

At trial, the jury also heard the following testimony from Dr. Shifreen regarding the bill for his treatment of Plaintiff's injuries:

> Q:      Okay.  And your full bill in this case was $7,632.40?
> A:      I'll take your word for it.  I don't have a copy of the bill.

(Shifreen Tr. [Doc. # 119] at 43–44.)  Defendants argue that the jury was not permitted to rely on the figure of $7,632.40 because Dr. Shifreen did not specifically confirm that amount.  Plaintiff admits that given the amount of the jury's award, "it must be presumed that this figure includes the amount of $7,632.40."  (Pl.'s Mem. Opp'n [Doc. # 126] at 5.) However, Plaintiff argues that Dr. Shifreen's statement "I'll take your word for it," was not so deficient as to render this amount completely unsupported by the evidence, and thus the jury could have properly included this figure in their economic damages award.

If Dr. Shifreen's testimony constituted valid evidence with respect to his bill, there would have been sufficient evidence at trial to support an award of economic damages of up to $15,880.400, putting the jury's actual award of $15,000 within the range of permissible damages.  However, Dr. Shifreen's testimony cannot be relied on to substantiate his fees.  Although Dr. Shifreen testified that he did provide treatment to Plaintiff, there was nothing in the record aside from the above-quoted exchange that would have given the jury any indication of what that treatment cost.  Furthermore, Dr. Shifreen's statement "I'll take your word for it," completely disclaims any personal knowledge of his fees.  He did not express an opinion that the fees sounded reasonable, or that the number could be accurate.  Rather, he relied totally on the representation of Plaintiff's counsel, which, as the Court instructed the jury, is not evidence.  There was

thus no basis in the record for the inclusion of Dr. Shifreen's purported fee in the jury's award of economic damages, and any award including that fee would be excessive.

Therefore, the maximum award that was supported by the evidence in the record at trial was $8,248, and the Court will remit the jury's economic damages award to that amount. Plaintiff must either assent to the reduced award or a new trial will be held on the limited issue of economic damages.[4]

## III.    Conclusion

For the foregoing reasons, the Court construes Defendants' Motion [Doc. # 121] to Set Aside Verdict as a motion for remittitur, which is GRANTED. The jury's award of compensatory damages is remitted to $8,248, and within ten days of the issuance of this order, Plaintiff must either accept or reject this reduction of economic damages. If Plaintiff rejects the reduced award, a new trial will be held on the issue of the economic damages suffered by Plaintiff as a result of the excessive use of force by Defendant Mugovero. Plaintiff's Motion [Doc. # 122] to Amend Judgment is GRANTED absent opposition.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of August, 2014.

---

[4] Defendants have raised no other claim of error, and thus the Court does not believe that a new trial on all the issues is warranted.